# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DUGGAN FAMILY PARTNERSHIP, LLP,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 5:08-CV-313(HL) |
| **CITY OF JEFFERSONVILLE, GEORGIA** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

This matter is before the Court on Defendant City of Jeffersonville, Georgia's Motion to Dismiss (Doc. 7). For the following reasons, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed without prejudice.

## I. BACKGROUND

Plaintiff Duggan Family Partnership, LLP is the owner of real estate in Twiggs County, Georgia. The Plaintiff operates a hunting plantation on this property, furnishing organized bird hunts to customers, and maintains fish ponds on the property. Defendant maintains a wastewater treatment facility (City of Jeffersonville Land Application System - "LAS") on land adjoining Plaintiff's property. According to Plaintiff, since the spring of 2007, this treatment facility has caused increased storm water and LAS run-off, allegedly contaminated with microorganisms and chemicals and containing suspended solids, to flow onto Plaintiff's property and enter the Ocmulgee River via Palmetto Creek and Turkey Creek. Plaintiff argues that this has caused substantial erosion on Plaintiff's property and

1

is posing a threat to the game birds, hunting dogs, and fish on the property.

On May 27, 2008, Plaintiff sent a letter to the Defendant notifying the Defendant of the Plaintiff's intention to commence a civil action, following the sixty (60) day notification period required by the Clean Water Act ("CWA"). At that time, a copy of this letter was also provided to the Administrator of the U.S. Environmental Protection Agency ("EPA"); Jimmy Palmer, Regional EPA Administrator; and Carol Couch, Director of the Environmental Protection Division for the state of Georgia ("EPD").

On September 19, 2008, Plaintiff filed a nine-count Complaint (Doc. 1) against Defendant for violation of the CWA, injunctive relief, trespass, nuisance, negligence, negligence per se, riparian rights, punitive damages, and attorney's fees. Subsequently, Defendant filed the Motion to Dismiss (Doc. 7) that is presently before the Court. Defendant asserts that Plaintiff's CWA claim should be dismissed because Plaintiff did not comply with the requirements of the CWA; specifically, the purported notice letter given by Plaintiff prior to filing of the suit was inadequate to afford jurisdiction over the CWA claims. According to the Defendant, the notice letter was deficient in several areas required by the CWA: failure to provide the nature of the alleged violation, failure to identify the activity alleged to constitute a violation, and failure to provide a reasonably specific time frame for the alleged violation. Defendant further urges that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

On December 3, 2008, Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. 12). In the Response, Plaintiff contends that the court should use a "substantial compliance standard" rather than "strict compliance" when determining the sufficiency of

the notice letter it provided. Plaintiff argues that the notice provided would meet that standard or, in the alternative, that actual knowledge of the basis for Plaintiff's complaints prior to the notice letter should be sufficient. Plaintiff argues that a meeting between the Plaintiff, Kevin Farrell of EPD, as well as the manager of the LAS facility took place on April 3, 2008, and that this should serve as actual notice to the Defendant. Plaintiff also argues that the Court should find actual notice because a draft of the Complaint, detailing all necessary issues, was sent to the City's attorney on July 30, 2008.

Defendant filed a Reply (Doc. 13) on December 19, 2008. In the Reply, Defendant argues that Plaintiff's notice letter fails to meet even the "substantial compliance" standard due to the deficiencies noted above and that the April 3, 2008, meeting failed to give the proper state and federal regulatory officials notice. Defendant further notes that the draft copy of the Complaint was sent to the City less than sixty (60) days prior to the Compliant being filed and that it, too, failed to give state and federal regulatory officials notice.

## II.   DISCUSSION

### A.  CWA Claim

Defendant seeks dismissal of Plaintiff's CWA claim on the ground that notice, as required under Section 505(b)(1) of the CWA, was insufficient. As stated in the regulations:

> [n]otice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for

the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).

The letter that Plaintiff sent to Defendant on May 27, 2008, was deficient because it failed to provide the nature of the alleged violation, as well as the activity alleged to constitute a violation. While the notice letter specifically states that it is in reference to an alleged CWA violation, it does not specify the specific standard or limitation of the CWA that was allegedly violated, nor does it provide a specific activity alleged to constitute the violation as explicitly required by the regulations.

Meetings with EPD and the mailing of the draft Complaint also fail to satisfy the notice requirement of Section 505(b)(1) of the CWA in that "no action may be commenced - (1) under subsection (a)(1) of this section - (A) prior to sixty days after the plaintiff has given notice of the alleged violation (I) to the Administrator, (ii) to the State in which the alleged violation occurs and (iii) to any alleged violator of the standard, limitation or order[.]" 33 U.S.C. § 1365(b).

While the Plaintiff wishes to argue that notice should be deemed to have been provided by the meeting on April 3, 2008, between Plaintiff, Defendant, and a representative of the EPD, absent from this meeting were the EPA Administrator, Regional EPA Administrator, and the "chief administrative officer" of the EPD. Notice to these officials is required by 40 C.F.R. §135.2(a). Although there was a representative from the EPD present, he was not the "chief administrative officer," and the EPA was not involved

in the meeting at all.

Plaintiff also urges that Defendant was provided with notice by the draft Complaint sent on July 30, 2008.  Once again, while this might have provided Defendant with further notice, neither of the officials from EPA were provided with this notice, nor was the chief officer of EPD, as required by 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. §135.2(a).  The draft Complaint was also sent less than sixty (60) days prior to the filing of the Complaint, and therefore it also fails to satisfy the time requirement.

As noted in National Environmental Foundation v. ABC Rail Corp., "the 60-day notice requirement of 33 U.S.C. § 1365(b) is a mandatory condition precedent to the filing of a citizen suit under the Clean Water Act.  If a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action." 926 F.2d 1096, 1097 (11th Cir. 1991).  Therefore, Defendant's Motion to Dismiss is granted due to the inadequate notice under the CWA.

### B. State Law Claims

Assuming the Court initially had proper subject matter jurisdiction over the CWA claim to attach the state law claims, Defendant urges the court to decline to exercise supplemental jurisdiction over the remaining state law claims after dismissal of the CWA claim.  Under 28 U.S.C. § 1367(c)(3), the Court has discretion in this matter.  Since the court has not expended resources in adjudicating the remaining claims, the state court is equally convenient to the Plaintiff as the federal court, and the remaining claims are in the early stages of litigation, the Court does decline to exercise supplemental jurisdiction. Accordingly, Defendant's Motion to Dismiss the remaining claims is granted.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice.

**SO ORDERED**, this the 1st day of June, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

wbb